

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00282-CR

REGINAL LAMAR BARNES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 13,117, Honorable Cornell Curtis, Presiding

July 23, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Reginal Lamar Barnes, appeals from the judgment taken against him by Appellee, the State of Texas, revoking his community supervision and imposing his original two-year state jail sentence. He raises two issues. First, he argues the trial court failed to afford his appointed counsel the ten-day preparation period guaranteed by article 1.051(e) of the Code of Criminal Procedure without obtaining a valid waiver. Second, he argues the trial court denied him due process and due course of law by hearing the State's motion to revoke fewer than seven days after service, contrary to article 42A.751(f). The

State concedes the first error but maintains it was harmless. It disputes the second. We affirm.

## BACKGROUND

On September 11, 2024, Appellant pleaded guilty to possession of methamphetamine in an amount less than one gram, a state jail felony.[1] Under the plea agreement, the trial court assessed a two-year state jail sentence, suspended imposition, and placed Appellant on community supervision for two years. The court also imposed a $1,000 fine, 100 hours of community service, and $180 in restitution. Appellant was required, among other conditions, to refrain from using, possessing, or handling controlled substances.

On August 5, 2025, the State moved to revoke. The motion alleged two violations: that Appellant was delinquent by $1,694.24 in supervision fees, and that he had signed two drug-admission forms acknowledging that he handled methamphetamine on or about February 3, 2025, and used methamphetamine on or about July 25, 2025. Appellant was served with the motion on August 7, 2025. The trial court heard the motion six days later. The attorney appointed to represent Appellant at the revocation hearing was the same attorney who had represented him eleven months earlier, when Appellant entered his plea and was placed on community supervision. Neither Appellant nor his appointed counsel objected, requested additional time, or moved for a continuance. Nor did they execute a written waiver or waive the ten-day preparation period on the record.

---

[1]*See* TEX. HEALTH & SAFETY CODE § 481.115 (b).

At the hearing, the State abandoned the fee-delinquency allegation and proceeded solely on the drug-possession and use allegation. When the trial court presented the drug allegation, Appellant initially pleaded true. Asked whether he made the plea freely and voluntarily, he answered that he did not. He asserted that he had been coerced by Clay Conley, the director of the community supervision department, who, according to Appellant, had led him to believe he would receive a lesser sentence than the State had offered. The court then proceeded to take evidence.

Two community supervision officers testified. Joshua Smith identified State's Exhibit 1, the July 25, 2025 drug-admission form, testified that he witnessed Appellant sign it, and confirmed that Appellant admitted using methamphetamine four days earlier. Lindsey Price, Appellant's supervising officer, identified State's Exhibit 2, the February 3, 2025 form, testified that she witnessed Appellant sign it, and related that Appellant reported handling methamphetamine while in a vehicle with another person. Both exhibits were admitted without objection. Price recommended a sentence of twenty-four months.

Appellant testified in his own defense. He acknowledged signing both forms. He explained that when he signed the July form, a warrant had already issued for his arrest, and Conley had promised that if Appellant admitted the violation, Conley would place him in a midday class program in lieu of moving to revoke his community supervision. Appellant volunteered that he signed the admission form "the day of using drugs." On cross-examination, after initially declining to answer, Appellant conceded that he had used and handled methamphetamine while on community supervision, though he said it had been "a while ago." He also acknowledged prior convictions for aggravated robbery (for which he received a thirty-two-year sentence), burglary of a building, and forgery of

3

a financial instrument. On redirect, counsel elicited that Appellant had discussed a plea offer conveyed through Conley before the hearing, understood it, and chose to reject it and leave the disposition to the trial court.

The trial court found the drug-admission allegation true. The court expressly relied on the February 3, 2025 form, on the July 25, 2025 form, and on Appellant's own testimony admitting he had used methamphetamine on July 25, 2025. The court revoked Appellant's community supervision and imposed the original two-year state jail sentence, with credit for time served. Appellant's motion for new trial was overruled by operation of law. This appeal followed.

## ANALYSIS

We review an order revoking community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). Proof of any one violation of the terms and conditions of community supervision is sufficient to support a revocation. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012). In a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Hacker*, 389 S.W.3d at 865.

### ISSUE ONE: THE TEN-DAY PREPARATION PERIOD

In his first issue, Appellant contends his appointed counsel did not receive the required ten days of preparation time for the revocation hearing. Article 1.051(e) affords appointed counsel ten days to prepare for a proceeding. TEX. CODE CRIM. PROC. art. 1.051(e). The ten-day preparation time is mandatory unless waived under particular

4

conditions.[2]  When appointed counsel is not afforded the statutory minimum preparation time and the defendant does not waive the requirement, the trial court errs in proceeding with the hearing.  *See Perez v. State*, No. 07-26-00008-CR, Tex. App. LEXIS 4631 at *7 (Tex. App.—Amarillo May 19, 2026, no pet.)(not designated for publication).  Here, the record establishes, and the State concedes, that Appellant's appointed counsel did not receive ten days to prepare for the revocation hearing and that Appellant did not waive the period in writing or in open court.  The trial court therefore erred.

We therefore assess whether the error was harmful.  *Id*. at *7–8.  Appellant urges us to apply the constitutional-error standard of Texas Rule of Appellate Procedure 44.2(a), contending that the ten-day period is anchored in the right to counsel.  He candidly acknowledges, however, that the weight of authority "militates in favor of a non-constitutional harm analysis."  We hold that Rule 44.2(b) governs.  *Id*. at *7.

In examining whether Appellant's substantial rights were harmed,[3] we consider whether additional preparation time could have changed the terms and conditions of the defendant's community supervision, altered the fact of a violation, or affected the range within which the trial court could assess punishment.  *See Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).  None of those considerations supports a finding of harm here.

---

[2] The court's failure to provide sufficient time under the statute may be raised for the first time on appeal.  *See Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993); *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (plurality op.).

[3] A substantial right is affected when the error has a substantial and injurious effect or influence on the outcome.  *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  If, after examining the record as a whole, we have fair assurance that the error did not influence the outcome or had but a slight effect, we must disregard it.  *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).

Appellant's own sworn testimony established the violation independent of the drug-admission forms. He volunteered that he signed the July form the day he used drugs and admitted that he had used and handled methamphetamine while on community supervision. Those admissions, combined with the other evidence, support the trial court's finding. Because proof of a single violation supports revocation, no amount of additional preparation could have altered the fact of the violation. *See Bryant*, 391 S.W.3d at 93.

Appellant's contention that additional time might have allowed him to secure Conley's testimony or develop other evidence is speculation. Appellant acknowledges in his brief that "we simply do not know what counsel might have presented" with more time. Speculation about what further investigation might have yielded does not establish that the error had a substantial and injurious effect on the outcome. The record, moreover, reflects that counsel developed the Conley account sufficiently. Counsel walked Appellant through his testimony on direct, cross-examined both officers, drew from Price that Conley was present when Appellant signed the February form, brought out on redirect that Appellant had discussed a plea offer conveyed through Conley and knowingly rejected it, and closed by asking the trial court to place Appellant in classes instead of revoking his supervision. Even if more time had produced additional evidence supporting Conley's alleged pressure on Appellant, it would pertain only to why Appellant signed the drug-admission forms. It could not explain away Appellant's under-oath admissions that he used and handled methamphetamine while on community supervision.

6

Finally, we note that Appellant's counsel was not new to Appellant or to the underlying case. He had also represented Appellant eleven months earlier, when Appellant pleaded guilty and was placed on the very community supervision the State now sought to revoke. Counsel already knew the client, the offense, the plea, and the conditions the State alleged Appellant had broken.

Having examined the record as a whole, we conclude that although the trial court erred in failing to provide Appellant the requisite 10-days of preparation time, such error was not harmful. We overrule Appellant's first issue.

## ISSUE TWO: THE SEVEN-DAY RESTRICTION ON AMENDING MOTIONS TO REVOKE

In his second issue, Appellant argues that the state's service of its motion to revoke less than seven days before the revocation hearing violated his statutory and constitutional rights. Article 42A.751(f) of the Code of Criminal Procedure governs the State's amendment of a motion to revoke community supervision, restricting amendments within seven days of the hearing. Appellant reads the provision, together with due process, to bar a trial court from hearing an original, unamended motion within that same window. We overrule his issue.

When we construe a statute, we must "presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *Lang v. State*, 561 S.W.3d 174, 180 (Tex. Crim. App. 2018) (quoting *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997)); *see also Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) ("[I]f the meaning of the statutory text, when read using the established canons of construction relating to such

7

text, should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning."). Article 42A.751(f) sets a deadline for amendments. It says nothing about a minimum interval between service of an original, unamended motion and the revocation hearing. We decline to read into the statute a limitation its text does not contain.

Moreover, Article 42A.751(g) permits a continuance for good cause on the motion of either party. Appellant sought none. Even if the statute should be read to include original motions to revoke, we find no record evidence that Appellant suffered any harm. *See* TEX. R. APP. P. 44.2(b)*; Perez*, No. 07-26-00008-CR, Tex. App. LEXIS 4631 at *4.

Appellant's related due-process argument fares no better. A probationer facing revocation is entitled to written notice of the claimed violations and an opportunity to be heard. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973); *see also Garner v. State*, 545 S.W.2d 178, 179 (Tex. Crim. App. 1977). The State fulfilled those guarantees. Appellant was served with the State's motion, which set out the specific violations alleged, six days before the hearing. He does not argue he lacked notice of the alleged conduct on which the State relied for its revocation of community supervision. He appeared with counsel, cross-examined the State's witnesses, testified on his own behalf, and presented his defense.

We overrule Appellant's second issue.

8

## CONCLUSION

Having overruled both of Appellant's issues, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice

Do not publish.